**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**HEATHER BEAL**                                                                   **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:17-CV-1001-HSO-LRA**

**REGIONAL CARE, LLC C/O BRANDON COURT**         **DEFENDANTS**

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On December 12, 2017, Heather Beal [hereinafter "Plaintiff"] filed a Complaint [1] in this Court charging Defendants with employment discrimination. On the same date, she filed an Application to Proceed in District Court Without Prepaying Fees or Costs, [3], requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff states that she is employed and has a bi-monthly take-home income in the amount of $998. Her monthly living expenses are approximately $1765. Her living expenses include a $600 monthly car payment, but she does not list an automobile as an asset. She has three minor dependents, including two nephews and a son. She has a checking account with a balance of $181. She owns no property and owes $164 per month for a student loan to Granite State Management.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See*

*Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that she has a regular income that covers her regular monthly expenses, the undersigned finds that she could pay filing costs without undue financial hardship if given sixty days to pay the filing fees. She will not be rendered destitute by paying the filing fees in sixty days, as she is employed. If meritorious, this is a fee-producing case, and Plaintiff will be able to recoup the fees charged in this case.

Because Plaintiff will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied. Plaintiff shall be given sixty days to pay the filing fees in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before **March 19, 2018.** If Plaintiff does not object to this recommendation, but does not pay the filing fees by **March 19, 2018**, this case should be dismissed without prejudice with no further notice to Plaintiff.

**NOTICE OF RIGHT TO APPEAL/OBJECT:** Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. The failure to file timely written objections to the proposed findings, conclusions, and recommendations, shall bar a party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy

IT IS ORDERED that Plaintiff shall pay the full filing fees in this case on or before **March 19, 2018,** unless she files a timely appeal of this recommendation to the district judge**.**

THIS the 17th day of January 2018.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE